VOROS, Judge
(concurring):
H40T concur with the majority opinion. I write only to identify the fatal flaw in Dean’s argument as I see it.
¶ 41 Dean claims a homestead exemption, Under the Utah Exemptions Act, “‘exemption’ means protection from subjection to a judicial process to collect an unsecured debt.” Utah Code Ann. § 78B-5-502(3) (LexisNexis 2012). Thus, to be exempt from execution, an interest must be of the sort that is subject'to execution. And I cannot see that Dean held any interest in the Property that would be subject to execution. Dean does not claim a freehold estate, a leasehold estate, a future interest, an easement, an equitable interest under a purchase contract, or a beneficial interest under a trust. At most, he was a tenant at will. A tenancy at will could conceivably have some negligible value. See, e,g,, Utah Optical Co, v. Keith, 18 Utah 464, 56 P. 166, 168 (1899). But Dean has placed no evidence before the court of what that value might be,
¶ 42 In any event, the subject of this dispute is not the proceeds of the sale of the Property but the proceeds of the dissolution of the LLC. An LLC is, of course, “an entity distinct from its member or members.” Utah Code Ann. § 48-3a-104(l) (LexisNexis 2015). And here, the LLC, not Dean himself, owned the Property. Julie obtained a charging order against Dean’s transferable interest in the LLC, see id. § 48-3a-503. A member’s interest in an LLC is a “transferable interest,” and a “transferable interest is personal property.” See id. § 48-3a-102(29); id. § 48-3a-601. The homestead exemption’s reach does not extend to personal property but is limited to interests in real property, related water rights, a mobile home in which the claimant resides, and. the proceeds of the sale of exempt property for one year. See id. .§ 78B-5-503 (LexisNexis 2012). Thus, the homestead exemption does not protect a transferable interest in an LLC.[6]
¶ 43 In short, Dean held no interest in real property subject to -execution and' thus no interest in real property needing protection from execution. He held an interest in an LLC, which is personal property; the homestead exemption does not protect personal property; therefore,' it does not protect Dean’s interest in the LLC.

. The Utah Exemptions Act does protect specified personal property, but under provisions not at issue here. See, e,g„ Utah Code Ann. § 78B-5-505 (LexisNexis 2012).